IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CAN WHALEY,<br><br>Defendant. | CR 18–46–M–DLC<br><br><br>ORDER |

      Before the Court is Defendant Can Whaley's Motion for Early Termination of Supervision. (Doc. 57.) Whaley pled guilty to one count of conspiracy to possess methamphetamine and, on April 19, 2017, was sentenced to a custodial sentence of time-served to be followed by sixty months of supervised release. (Doc. 58 at 2.) On August 29, 2018, his term of supervision was transferred to the District of Montana. (Doc. 1.) This Court revoked Whaley's supervised release on January 17, 2019, and he was sentenced to ten months imprisonment to be followed by fifty months of supervised release. (Doc. 25.) Whaley was released from prison and began serving his term of supervised release on October 24, 2019. (Doc. 58 at 3.) This Court revoked his supervised release for a second time on March 23, 2021, and he was sentenced to twenty-four months imprisonment to be followed by twenty-six months supervised release. (Doc. 49.) Whaley now seeks

1

the premature termination of his remaining term of supervised release, which is set to terminate on June 18, 2024.  (Doc. 57 at 2.)  Neither the United States Attorney's Office nor the United States Probation Office objects to the motion.  (*Id.* at 1–2.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  Whaley began his twenty-six month term of supervised release on April 19, 2022, rendering him statutorily eligible for the premature termination of his remaining term of supervised release.  Accordingly, the Court will consider the pertinent

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Whaley's supervised release.  Fed. R. Crim. P. 32.1(c).  Such a hearing is not necessary, however, if Whaley waives it, or if the proposed modification is favorable to him and the United States does not object.  The premature termination of Whaley's supervised release is obviously favorable to him, and the United States does not object.  Accordingly, the Court will dispose of this matter without a hearing.

2

factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Whaley's remaining term of supervised release. Since his release from custody in April 2022, two reports on offender under supervision have been filed. (Docs. 53, 54.) His most recent violation occurred in March 2023 and involved the consumption of alcohol. (Doc. 54 at 3.) Although the consumption of alcohol violates the terms of his supervision, Whaley did take accountability for his actions and admitted his alcohol consumption to his probation officer. (*Id.*) Whaley maintains full-time employment as a mechanic and has become a partner in the

business.  (Doc. 57 at 1.)  It appears that Whaley continues to participate in counseling on his own volition and his counselor has written a letter in support of his release from supervision.  (Doc. 59-3.)  Whaley also maintains the support of his family and friends.  (*See* Docs. 59-1, 59-2, 59-4.)  It is his probation officer's opinion that Whaley is "a productive member of society" and "will not change his current productive lifestyle either on or off supervision."  (Doc. 57 at 1–2.)

Accordingly, IT IS ORDERED that the motion (Doc. 57) is GRANTED.

IT IS FURTHER ORDERED that Whaley's remaining term of supervised release is TERMINATED as of the date of this Order.  The Clerk of Court is directed to notify the United States Probation Office for the District of Montana of the making of this Order.

DATED this 3rd day of January, 2024.

_____
Dana L. Christensen, District Judge
United States District Court